IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KEVIN M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATRIUM HEALTH; NORTHEAST | ) | 1:23-cv-702 |
| MEDICAL CENTER; WHITLEY | ) | |
| ENTERPRISES; THE DEPARTMENT | ) | |
| OF VETERANS AFFAIRS; DENIS | ) | |
| MCDONOUGH, SECRETARY OF THE | ) | |
| DEPARTMENT OF VETERANS | ) | |
| AFFAIRS; DELESLIE L. | ) | |
| SMITH-FULLER; and CAROLINA | ) | |
| MEMORIAL PARK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Pro se Plaintiff Kevin M. Smith brought several claims against Defendants Atrium Health, Northeast Medical Center, Whitley Enterprises, the Department of Veterans Affairs, Denis McDonough, Secretary of the Department of Veterans Affairs, Deleslie L. Smith-Fuller, and Carolina Memorial Park relating to the death of Plaintiff's brother, Max H. Smith. (Compl. (Doc. 3) at 1.)[1] Plaintiff's claims include, <u>inter alia</u>, wrongful death,

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

medical negligence, mental anguish, emotional distress, negligence, "malperformance of professional services," medical malpractice, and "inadequate standard of care or training." (Id.) Defendants the Department of Veterans Affairs and Denis McDonough, Secretary of the Department of Veterans Affairs (together, "Federal Defendants") and Defendants Atrium Health and Northeast Medical Center (together, "Hospital Defendants") filed motions to dismiss Plaintiff's claims against them. (Doc. 8 (Federal Defendants); Doc. 11 (Hospital Defendants).) For the reasons stated herein, these motions will be granted.

I. **FACTUAL BACKGROUND**

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint[.]" Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020). The facts, taken in the light most favorable to Plaintiff, are as follows.

"On or about August 6-9, 2023," Plaintiff, his brother Max. H. Smith ("Decedent"), and Defendant Deleslie L. Smith-Fuller ("Smith-Fuller") were at a laundromat in Concord, North Carolina when an "unknown laundry patron exited the business," walked up to Smith-Fuller's car, and "assaulted the Decedent in the chest." (Compl. (Doc. 3) ¶ 1.) Plaintiff, Decedent, and Smith-Fuller hurried to finish their laundry, then Plaintiff was dropped off at home, after which Smith-Fuller and Decedent "were

to transport to Northeast Medical Center, or Department of Veterans Affairs Medical Center" in Salisbury, North Carolina. (Id. ¶ 2.)

Plaintiff "called the Veterans Affairs Hospital and alerted the E.R. Director of Decedent's medical emergency condition, and of [Smith-Fuller] transporting" Decedent to the hospital. (Id. ¶ 3.) Plaintiff "communicated by telephone about Decedent's malfunctioning pacemaker," and alleges that "Defendants were alerted by the Patient, the Medical Device Manufacturer, and that Staff of Department of Veteran Affairs knew this alert and communication." (Id. ¶¶ 4-5.) Decedent was found deceased at his residence the next day. (Id. ¶ 6.)

Plaintiff alleges that Defendants knew about Decedent's malfunctioning pacemaker, "did nothing to assure Decedent's life and safety, and delayed any further medical regimen, replace the device, or alert the Patient and his untrained family (Caregivers), which contributed to the death of Plaintiff's brother, Max Hunter Smith, Jr." (Id. ¶ 5.)

## II. PROCEDURAL HISTORY

Plaintiff originally filed his pro se Complaint in Cabarrus County Superior Court on August 2, 2023. (See id. at 1.) Federal Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 on August 18, 2023. (See Doc. 1.)

Federal Defendants filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, (Federal Defs.' Dep't of Veterans Affairs and Denis McDonough, Secretary of the Dep't of Veterans Affairs Mot. to Dismiss ("Fed. Defs.' Mot.") (Doc. 8)), and a supporting brief, (Federal Defs.' Br. in Supp. of Mot. to Dismiss ("Fed. Defs.' Br.") (Doc. 9)), on September 29, 2023. Hospital Defendants filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), (Defs.' Atrium Health and Northeast Medical Center's Pre-Answer Mot. to Dismiss Pl.'s Compl. ("Hospital Defs.' Mot.") (Doc. 11)), and a supporting brief, (Br. in Supp. of Defs. Atrium Health and Northeast Medical Center's Pre-Answer Mot. to Dismiss Pl.'s Compl. ("Hospital Defs.' Br.") (Doc. 12)), on October 10, 2023. Plaintiff filed a response to these motions on October 16, 2023. (Doc. 14.)

## III. **FEDERAL DEFENDANTS' MOTION — LACK OF SUBJECT MATTER JURISDICTION**

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Under Rule 12(b)(1), a plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction. See United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347–48 (4th Cir. 2009). A challenge to subject matter

jurisdiction under Rule 12(b)(1) may proceed in two ways: either by a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting that "the jurisdictional allegations of the complaint [are] not true." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (alteration in original) (internal quotation marks omitted) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

When a "defendant challenges the factual predicate of subject matter jurisdiction, '[a] trial court may then go beyond the allegations of the complaint and . . . determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." Id. (quoting Adams, 697 F.2d at 1219). In a factual challenge to subject matter jurisdiction, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." Id.

Here, Federal Defendants move to dismiss for lack of subject matter jurisdiction "on grounds that Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act prior to bringing suit." (Fed. Defs.' Mot. (Doc. 8) at 2.) In support of this argument, Federal Defendants provide

- 5 -

Case 1:23-cv-00702-WO-JLW   Document 17   Filed 09/04/24   Page 5 of 16

the Declaration of Jennifer Hansen, Deputy Chief Counsel for the Department of Veterans Affairs. (See Doc. 9-1 ¶ 2.) Plaintiff does not provide any evidence or argument in response.

**B.    Analysis**

"Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit." Kerns, 585 F.3d at 193–94 (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). "By passing the FTCA, Congress waived the United States' sovereign immunity under limited circumstances where injury is 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Krembel v. United States, 837 F. App'x 943, 947 (4th Cir. 2020) (citing 28 U.S.C. § 1346(b)(1); Sherwood, 312 U.S. at 586).

To state a claim for damages against the United States under the Federal Tort Claims Act ("FTCA"), a plaintiff must allege a claim that is

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death, [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

- 6 -

Case 1:23-cv-00702-WO-JLW   Document 17   Filed 09/04/24   Page 6 of 16

FDIC v. Meyer, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).

"A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident." Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) (citing 28 U.S.C. § 2401(b) (1994)). "Moreover, 'the requirement of filing an administrative claim is jurisdictional and may not be waived.'" Id. (quoting Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986)). The Supreme Court has described this requirement as an "unambiguous" one which bars claimants from filing federal lawsuits unless and until they have exhausted their administrative remedies. McNeil v. United States, 508 U.S. 106, 112-13 (1993).

Under 28 C.F.R. § 14.2, a claim is presented when the agency receives a completed Standard Form 95 or other written notification of an incident from a claimant, his duly authorized agent or legal representative, accompanied by a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a). The Fourth Circuit has held that a claim is "presented" — satisfying the requirement of filing an administrative claim — if it gives the government adequate notice to properly investigate the underlying incident and places a "sum certain" on the claim's

value. Ahmed v. United States, 30 F.3d 514, 516-17 (4th Cir. 1994) (citing Adkins v. United States, 896 F.2d 1324, 1326 (11th Cir. 1990)). Additionally, the title or legal capacity of the person signing, along with evidence of his authority to present the claim on behalf of the claimant, is required. 28 C.F.R. § 14.2(a).

Federal Defendants argue that this court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff "failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ('FTCA')." (Fed. Defs.' Br. (Doc. 9) at 2.) Federal Defendants explain that "Plaintiff did not file an administrative tort claim with the U.S. Department of Veterans Affairs with respect to the allegations in his complaint." (Id. at 3.)

In support of this assertion, Federal Defendants cite the Declaration of Jennifer Hansen, Deputy Chief Counsel with the Department of Veterans Affairs. (Id. at 5.) The Declaration states that Hansen, who is "responsible for implementing the provisions of the Federal Tort Claims Act . . . for administrative tort claims filed," diligently searched the VA's tort records and found one administrative tort claim filed by Plaintiff against the VA in 2012. (Decl. of Jennifer Hansen (Doc. 9-1) ¶¶ 3, 8.) That case was dismissed with prejudice in

- 8 -

Case 1:23-cv-00702-WO-JLW   Document 17   Filed 09/04/24   Page 8 of 16

2013. (Id. ¶ 8.) Hansen "found no administrative tort claim filed by [Plaintiff] on his own behalf, or on behalf of [Decedent], pertaining to the allegations contained in Plaintiff['s] complaint." (Id. ¶ 9.) Hansen attests that "[i]f Plaintiff, or anyone else, had filed Standard Form 95s, or other document asserting a tort claim, VA staff would have recorded the claim in OGC's tort database, and I would have located it in my search of that database." (Id. ¶ 10.)

Plaintiff does not appear to contest Federal Defendants' assertion that he has not complied with the FTCA and exhausted his administrative remedies prior to the commencement of the action before this court. (See Pl.'s Resp. (Doc. 14).) He also has not presented any evidence to rebut the Hansen Declaration or demonstrate that he exhausted his administrative remedies. (See id.) Further, Plaintiff does not allege in his Complaint that he has exhausted his administrative remedies as required by the FTCA. (See Compl. (Doc. 3).) Accordingly, Plaintiff's claims against Federal Defendants must be dismissed.

### IV. HOSPITAL DEFENDANTS' MOTION – INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS

Hospital Defendants argue that Plaintiff's Complaint must be dismissed pursuant to Federal Rules of Civil Procedure

- 9 -

12(b)(2), (b)(4), and (b)(5).[2] (Hosp. Defs.' Mot. (Doc. 11) at 2.) Hospital Defendants allege that both process and service of process are insufficient, therefore this court lacks personal jurisdiction over them. (Id.)

**A.    Standard of Review**

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or "form" of the process itself, while a motion to dismiss made under Rule 12(b)(5) attacks a complaint for insufficient service of process. See Fed. R. Civ. P. 12(b)(4), (b)(5). "The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996)).

In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit. See Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963). "When there is actual notice, every technical violation of the rule or failure of strict compliance

---

[2] Hospital Defendants also move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Hospital Defs.' Mot. (Doc. 11) at 1.)

- 10 -

may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." <u>Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.</u>, 733 F.2d 1087, 1089 (4th Cir. 1984); <u>see also</u> <u>Stewart v. GM Fin.</u>, No. 3:19-cv-00411, 2019 WL 5850425, at *4-7 (W.D.N.C. Nov. 7, 2019) (dismissing suit because the summons was sent to the wrong office and was not directed to an officer, director, or other authorized agent); <u>Tart v. Hudgins</u>, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (observing that a liberal interpretation of process requirements "does not mean . . . that the provisions of the Rule may be ignored if the defendant receives actual notice").

North Carolina law concerning the sufficiency of service of process is to like effect:

> North Carolina courts have long recognized "liberality as the canon of construction when interpreting the North Carolina Rules of Civil Procedure." Adhering to that principle, "[t]echnicalities and form are to be disregarded in favor of the merits of the case." However, the rules governing service of process are to be "strictly enforced to [e]nsure that a defendant will receive actual notice of a claim against him." In that sense, North Carolina courts and the Fourth Circuit echo one another: at the end of the day, the rules are there to be followed. Moreover, North Carolina courts "have repeatedly held that actual notice is not a valid substitute for service when that service does not comply with the statute."

Teasley v. Stein, No. 1:20cv1166, 2022 WL 715923, at *2 (M.D.N.C. Mar. 10, 2022) (internal citations omitted) (quoting Washington v. Cline, 233 N.C. App. 412, 420, 761 S.E.2d 650, 655 (2014); Lemons v. Old Hickory Council, Boy Scouts of Am., Inc., 322 N.C. 271, 275, 367 S.E.2d 655, 657 (1988); Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 171 N.C. App. 322, 328, 614 S.E.2d 378, 382 (2005)).

Although Plaintiff is pro se, he is held to the same standards regarding service of process:

> The filing of a lawsuit is a serious event . . . . Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

Shaver v. Cooleemee Volunteer Fire Dep't, No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008).

**B.  Analysis**

"A court must grant a defendant's 12(b)(5) motion to dismiss if the plaintiff fails to serve a copy of the summons and complaint in satisfaction of Rule 4 of the Federal Rules of Civil Procedure." Calder v. Stanly Cnty. Bd. of Educ., No. 1:00CV01249, 2002 WL 31370364, at *1 (M.D.N.C. 2002) (citing

Link Grp. Int'l, L.L.P. v. Toymax (H.K.) Ltd., 127 F. Supp. 2d 280, 282 (D. Conn. 2000)). "Although the technical requirements of service of process should be construed liberally so long as the defendant has actual notice of the lawsuit, the mere fact of actual notice does not excuse plain noncompliance with process requirements." Id. at *1 (citing Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir. 1988); Tart v. Hudgins, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (observing that a liberal interpretation of process requirements "does not mean, however, that the provisions of the Rule may be ignored if the defendant receives actual notice")). A dismissal for insufficient process is without prejudice. Fed. R. Civ. P. 4(m).

Hospital Defendants assert that "[a]t no time prior to or after removal did these Defendants receive[] proper service of a legally sufficient summons and Complaint delivered in accordance with Rule 4 of the North Carolina Rules of Civil Procedure." (Hospital Defs.' Br. (Doc. 12) at 10.) This is because "Plaintiff purportedly delivered the Summonses to 'U.S.P.S. First Class Return Receipt,'" and "fail[ed] to specify the proper title of an individual to receive service of process on behalf of these Defendants." (Id. at 13.)

"[V]alidity of service prior to removal is determined by the law of the state under which service was made." Brazell v.

- 13 -

Green, No. 94-7214, 1995 WL 572890, at *1 (4th Cir. Sept. 29, 1995). After a case has been removed to federal court, 28 U.S.C. § 1448 provides that

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Accordingly, Plaintiff had two chances to effect service of process on Hospital Defendants: when the suit was initially filed in North Carolina Superior Court pursuant to the North Carolina Rules of Civil Procedure, and after the suit was removed to this court pursuant to the Federal Rules of Civil Procedure. See Richards v. PHH Mortgage Corp., No. 1:19cv759, 2020 WL 1234634, at *4 (M.D.N.C. Mar. 13, 2020).

Federal Rule of Civil Procedure 4(h) governs the service of process upon corporations, and states that service may be accomplished "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) states that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

Here, it appears that Plaintiff

- 14 -

>     attempted service of process pursuant to North
>     Carolina Rule of Civil Procedure 4(j)(6). Rule
>     4(j)(6)(c) permits service of process on a []
>     corporation "[b]y mailing a copy of the summons and
>     of the complaint, registered or certified mail,
>     return receipt requested, addressed to the officer,
>     director or agent to be served[.]"

Triad Motorsports, LLC v. Pharbco Mktg. Group, Inc., 104 F. Supp. 2d 590, 595 (M.D.N.C. 2000). Based on the record, it appears that Plaintiff attempted to serve Hospital Defendants by mail as permitted by North Carolina Rule of Civil Procedure 4(j)(6), and, by extension, Federal Rule of Civil Procedure 4(h)(1)(A). However, based on the Return of Service pertaining to the summons issued for Hospital Defendants, Plaintiff "[d]eposited [the documents] into U.S.P.S., First Class Return Receipt," on August 8, 2023. (Doc. 6-5 at 6.) This is not a permissible method of service under either the North Carolina or the Federal Rules of Civil Procedure. Accordingly, Plaintiff failed to effect service of process on Hospital Defendants and his claims as to those defendants must be dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Federal Defendants' Department of Veterans Affairs and Denis McDonough, Secretary of the Department of Veterans Affairs Motion to Dismiss, (Doc. 8), is

**GRANTED** and Plaintiff's claims against Federal Defendants are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants Atrium Health and Northeast Medical Center's Pre-Answer Motion to Dismiss Plaintiff's Complaint, (Doc. 11), is **GRANTED** and Plaintiff's claims against Hospital Defendants are **DISMISSED** without prejudice.

This the 4th day of September, 2024.

_____William L. Osteen, Jr._____
United States District Judge